George Cocks et al., Respondents, *v.* Phebe C. Haviland, Appellant.

The mere fact that one of two or more executors or trustees is passive, and does not participate in the administration or interfere with the acts of his co-executors in taking possession of the property and collecting moneys of the estate, will not charge him with liability for waste by them; it must appear that he had some reason to apprehend that such might be the consequence of their acts.

Defendant was one of six executors of a will; letters testamentary were issued to all; two of them, C. & B., took charge and possession of the estate and assumed to administer it. No portion of the assets came into defendant's hands, except what she received as the share of the residuary estate given her by the will, and she took no active part in the management. The will directed that the share of D., one of the beneficiaries and also one of the executors, should be invested by the executors upon bond and mortgage, the income applied during his life to the support of his family, and on his decease the share to go to plaintiffs, his children. C. & B. divided the estate into shares as directed, and paid over to the beneficiaries, except D., their shares. At that time all of the beneficiaries were present. The property apportioned and set apart, as the share of D. was examined by him and handed over to B. to care for. It was not invested as directed by the will, but was misappropriated by C. & B. who were copartners. About eight years after the issuing of letters testamentary they failed. It did not appear that up to the time of the failure there was anything to excite suspicion that they were not prudent and reliable business men. In an action brought by plaintiffs to recover said share, *held*, that the fact did not justify a finding of such negligence, on the part of the defendant, as to render her liable.

The will directed an investment for the testator's widow. The investment was not made by C. & B. as directed, but in another security. Defendant remonstrated against this at the time, but took no action to compel a proper investment; no loss resulted therefrom. Four years before the failure of C. & B., defendant knew that they had not made any other investment of the fund, and she then joined in an undertaking to the widow that her annuity should be paid. *Held*, that these facts were not sufficient to charge defendant with the want of due care and caution.

*Earle* v. *Earle* (93 N. Y. 104); *Remington* v. *Walker* (99 id. 626), distinguished.

(Argued February 26, 1891; decided March 10, 1891.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made July 18, 1890, which affirmed a judgment in favor of plaintiffs entered upon the report of a referee made pursuant to an interlocutory judgment.

In June, 1868, John Cocks died leaving his will, which was shortly after admitted to probate, and by it he directed the executors to invest such sum upon bond secured by mortgage on real estate in Westchester county as would net an income of $1,000 per year, to be paid to his wife Adelia semi-annually so long as she should remain his widow, unmarried and no longer, in lieu of dower.

He gave to his daughter Anna $3,000. The residue of his property he gave and devised to his five children, David Cocks, Harrison Cocks, Phebe C. Haviland, Mary Barlow and Anna Cocks, with direction that the share of his son David should be invested in real estate or upon bond and mortgage by the executors and the income be applied to the support of him, his wife and children during his life, and on his decease such share to go to the children of David. He empowered the executors to sell his property, real and personal, and appointed his wife, his five children before mentioned and his sons-in-law Daniel E. Haviland and George J. Barlow, the executors of his will. Letters testamentary were issued to all of the persons so appointed by the will. David Cocks died in 1881, leaving the plaintiffs, his children, surviving him. The one-fifth of the residuary estate given for the benefit of David and his family was not invested as directed by the will, but all of it, except $1,500 was appropriated by Harrison Cocks and Barlow, two of the executors, to their own use, and in 1876 they failed and were thereafter insolvent. This action was brought in 1889 to recover the share which by the will the plaintiffs were to take on the death of their father. And while all the surviving executors were named as parties defendant in the summons, service was made only upon the appellant and Daniel E. Haviland, her husband. As to the latter, the complaint was dismissed, and by the interlocutory judgment it

was determined that the appellant should pay to the plaintiffs the amount to which by the will they were entitled, and to ascertain what that was a reference was ordered, and the referee reported that the residuary estate amounted to $106,391.60, and that one-fifth of it (less the $1,500), and interest from the time of David's death to date of the report, amounted to $28,590.46. The report was confirmed and judgment for that sum directed and entered against the defendant.

Further facts are stated in the opinion.

*Thomas Nelson* for appellant. A conclusive bar to the maintenance of this action is that the claims for which this suit is brought have already been tried and adjudged by a competent tribunal in the proceeding before the surrogate of Westchester county, in which he made his decree. (*Embury* v. *Connor*, 3 N. Y. 522; *In re Hood*, 90 id. 512; *In re Niles*, 113 id. 556; *O'Connor* v. *Higgins*, Id. 516.) Independent of the prior adjudication conclusively absolving Mrs. Haviland from any liability to the plaintiffs in this case, the evidence exonerates her, and the court erred in charging her. (*McCabe* v. *Fowler*, 84 N. Y. 318; *Adair* v. *Brimmer*, 74 id. 561; *Ormiston* v. *Olcott*, 84 id. 346; *Croft* v. *Williams*, 88 id. 384; *Paulding* v. *Sharkey*, Id. 432; *Bruen* v. *Gillitte*, 115 id. 16; *Wilmerding* v. *McKesson*, 103 id. 329.) Mrs. Haviland should not be chargeable because of any knowledge she may have had of the investment made by Cocks & Barlow in western mortgages to produce the widow's annuity. (*Emerson* v. *Bowers*, 14 N. Y. 454; *Croft* v. *Williams*, 88 id. 391; *Wilmerding* v. *McKesson*, 103 id. 340.) This action is brought and judgment is given against Mrs. Haviland for damages for neglect of duty alone, not for refusal to pay a legacy. It is, therefore, as against all the plaintiffs who were adults on the 14th of March, 1888, barred by the Statute of Limitations. (*Butler* v. *Johnson*, 111 N. Y. 204; Code Civ. Pro. §§ 396, 1819.)

*Thomas Haviland* for respondents. If any duty is imposed upon executors by the terms of a will or any power conferred

upon them, not appertaining to the duties of executor, a trust is created; and the power of a trustee thus imposed upon him, are not incident to his office of executor, but belong to an entirely distinct character, that of trustee. (*Hurlburt* v. *Durant*, 88 N. Y 121; *Ward* v. *Ward*, 105 id. 68; Code Civ. Pro. §§ 2818, 2819.) Defendant is responsible for the non-performance of her duty under the will. (*Remington* v. *Walker*, 99 N. Y. 626; *Earls* v. *Earls*, 93 id. 113; *Wilmerding* v. *McKesson*, 103 id. 329.) This action is not barred by the Statute of Limitations. (Code Civ. Pro. § 1819; *In re Van Dyke*, 44 Hun, 394.)

BRADLEY, J. The main defense is founded upon the alleged fact and assertion that the defendant did not participate in the administration of the estate of the decedent, and, therefore, that she was not chargeable with liability for the failure to make the investment, as directed by the will, of the share to which the plaintiffs were entitled on the death of their father David Cocks, or for the devastavit of the two executors who took charge of the estate and assumed to administer it. Upon this subject it appears and the trial court found that Harrison Cocks and George J. Barlow, immediately after the testator's death, took actual possession of his assets and property, and that they at once became and, until the time of the failure in 1876, continued to be the acting executors of the will, and that during that time no portion of the assets came into the hands of Mrs. Haviland, except that which she received as and for her share of the residuary estate, and that she took no active part in the management of the estate, but left its management entirely in the hands of those two executors. The proposition is well settled that the mere fact that one of two or more executors or trustees is passive and does not interfere with the act of his co-executors in taking possession of the property and collecting moneys of the estate, will not charge him with liability for waste by them, unless he has some reason to apprehend that such may be the consequence of their taking it and making such collections. (*Bruen* v. *Gillet*, 115 N. Y. 10.) There

is no finding or evidence to warrant the conclusion that the character and habits, business or otherwise, of Harrison Cocks and Barlow were apparently such as to create suspicion in the mind of the defendant that they were not prudent, reliable and responsible business men, until their failure in 1876, about eight years after they had assumed the administration of the estate under the will. In the meantime, they had divided it into shares and handed over to the beneficiaries, except David, their portions of the residuary estate. And on the occasion when the bulk of it was so divided all of them including David were present, and the share for his family was apportioned and set apart by those two acting executors. It was then by David examined and handed to Barlow to be taken care of. There was no participation of Mrs. Haviland in the matter other than to receive the share apportioned to her by them. It is not claimed that by any act of hers she became chargeable to the plaintiffs, but that her liability arose from negligence on her part to perform the duty imposed upon her by the will, and which she assumed by the acceptance of letters testamentary; and that such neglect was in the failure to make the investment of the share to which the plaintiffs were eventually entitled. It is true that by the will the duty was devolved upon the executors alike to observe and execute all of its provisions, but one is not liable for the misconduct or neglect of another to which the former has in no manner contributed nor by any act has enabled him to violate his duty or to neglect its performance to the prejudice of the beneficiaries of the trust. The defendant did nothing to place the funds or property in the control of the two acting executors or to give to them its management. This they assumed, and she did not attempt to obstruct their administration of the estate. The court determined, as conclusion of law, that by her neglect to perform her duty in respect to the investment of the one-fifth of the amount of the residuary estate for the benefit of the plaintiffs, the defendant became liable to them for that amount, or so much thereof as was not invested pursuant to the direction of the will. This conclusion rests upon the mere omission of

Mrs. Haviland to act for the accomplishment of that object, and to consummate it. The rule of liability does not go so far as to charge an executor having none of the funds of an estate in his possession or under his control, with the consequences of the neglect or failure of his co-executor to make the disposition by investment or otherwise of the subject of the trust pursuant to the direction of a will where the latter lawfully has the entire fund in his hands and assumes its management, unless there is some occasion to suspect that he has or may fail to execute the will in that respect. (*Croft* v. *Williams*, 88 N. Y. 384; *Ormiston* v. *Olcott*, 84 id. 339; *Wilmerding* v. *McKesson*, 103 id. 329.) When it was established that without aid of the defendant the two executors, Harrison Cocks and Barlow, took the property of the estate into their hands and assumed the active duty of its management; that none of it came to her possession; and that she was merely passive in respect to it, the burden was cast upon the plaintiffs to prove some facts or circumstances having relation to the character or habits of those persons, or to the manner they apparently were executing the trust, which would fairly justify suspicion that they were or might be chargeable with its mismanagement. In that case it may be that their co-executor would be called upon to investigate, and, if necessary, to cause them to render an account and thus present the condition of the fund with a view to such direction as the situation should require for its protection and the proper disposition of it. There was no fact found, nor does there appear to have been any evidence to permit the conclusion that Mrs. Haviland, before the failure of the firm of Cocks & Barlow (composed of the two acting executors), had any reason to suppose or apprehend that they would divert the fund set apart for David's family from the purpose directed by the will. It is, however, found that they failed to make the investment for the benefit of the widow as directed by the will; but that they did invest for that purpose, at the rate of ten per cent interest, $10,000, secured by mortgage upon land in the state of Wisconsin; and that although the defendant remonstrated against

such investment before it was made she took no action to compel them to make a proper investment of that fund. This had relation to the matter of the income for the widow and the investment which the will directed to be made to produce it. The investment so made in violation of the trust was not assented to by the defendant. No loss resulted from it. It is not seen how the taking of that security upon the Wisconsin land would alone furnish to a prudent and reasonably cautious person suspicion that the executors taking it had failed or would neglect to properly execute the will in respect to the fund in which David and his family were interested. And the same, in connection with it, may be said of the fact that the defendant knew as late as 1872 that no other investment had been made for the benefit of the widow, and that she then joined with four other executors (including Harrison Cocks and Barlow) in an undertaking to the widow that her annuity should be paid. This may well have been executed by the defendant upon the faith that the acting executors would provide for and see to the payment of the annuity. This matter was independent of the duty in respect to the one-fifth which is the subject of this action. There is no finding of any specific fact which tends to charge the loss of the funds in question or failure to invest it to any negligence of the defendant other than that she passively permitted the two acting executors to have the exclusive management of the trust created by the will. There may be cases where an executor cannot passively permit his co-executor solely to control the management of an estate without becoming responsible for his failure to properly execute the will to the prejudice of its beneficiaries, but that depends upon something further than the mere fact that letters testamentary have been issued to and accepted by the former. This rule is distinctly recognized in the cases before cited. The conclusion that by the negligence of the defendant she became liable to the plaintiffs for the amount uninvested of the one-fifth of the residuary estate given them by the will, seems not to be supported by the facts appearing in the record before us.

In *Earle* v. *Earle* (93 N. Y. 104) the executor who sought to relieve himself from liability had not only joined in an accounting charging himself jointly with his co-executor, but he had been somewhat active in the matters of the trust, and negligently had permitted persons not executors to have more or less charge of the funds, and besides that, his co-executor was a woman of feeble health and without business experience. That case does not seem applicable to the situation in the present one.   Nor in view of the facts upon which it was founded is the proposition declared in *Remington* v. *Walker* (99 N. Y. 626) essentially applicable to the case at bar.

The facts as represented by the findings of the court or by the evidence do not, we think, justify the conclusion that the defendant was charged with liability for the loss to the plaintiffs occasioned by the default and misconduct of the two acting executors.

The final and interlocutory judgments should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgments reversed.