DWIGHT, P. J., and BRADLEY, J., concurred.

Judgment reversed and a new trial granted, with costs to abide the event, unless the plaintiff within twenty days stipulates to reduce the judgment as indicated in the opinion, and in that event judgment so modified affirmed, without costs of this appeal to either party.

---

In the Matter of the Accounting and Removal of GEORGE LITZENBERGER, Respondent, as Trustee, etc., of JOHN LITZENBERGER, Deceased; MARY JANE STAHL and Another, Appellants.

*Devastavit — liability of executors and trustees for the acts of their co-executors and trustees — interest paid as such, not applied on the principal.*

No liability is created against one of two executors, for passively permitting the other executor to collect or receive the funds and assets of the trust estate, although such funds are wasted by him, unless there was reason to apprehend such consequence and no measures were taken to prevent it.

It is otherwise when the trust funds are by the act of one executor placed in the hands of his co-executor or co-trustee and where without such action the latter would not have had control of them; in such case he may be responsible for the devastavit of the latter as to the funds so handed over to him.

In a proceeding instituted by the beneficiaries of the income of a trust fund to charge the surviving trustee with the amount of such fund, it appeared that the will of the testator, by which the fund was created, named his two sons, George and Levi, as executors and trustees, both of whom duly qualified as such, and further provided that the residuary estate should be divided equally among his children, but the shares of his two daughters should be, by the executors, invested and the interest paid to them annually, and at their deaths the remainder was to go to their children. The will also provided that his son Levi, if he so elected, might purchase a certain farm of which the testator died seized, at the price of $6,600, which farm was conveyed to him by the executors, subsequent to the probate of the will.

Upon the final settlement of the estate of the testator the amount of the residuary estate belonging to each of the children was determined, and the executors were charged with and directed to invest such sum for each of the daughters, and to pay the income arising from the same to each daughter annually during the life of each. The trustee Levi until his death paid to the beneficiaries of the trust fund the interest upon the fund in accordance with the decree of final settlement. It appeared that the entire trust estate was represented in the purchase price of the farm sold to the trustee Levi, and not paid for by him, and that the trustees neglected to take a mortgage upon the farm in question to secure the purchase price of the same, and that subsequently a mortgage was executed upon said farm by Levi, who died insolvent, under the foreclosure of which it was sold, and the surplus arising on such sale, which was insufficient to represent the trust fund, was paid over to and held for the trust by George, the surviving trustee.

*Held*, that the fact that George, the surviving trustee, did not suppose that his grantee Levi, his co-trustee, would impair the trust fund by a mortgage, or the fact that he did not learn until after his brother's death that he had, would not exonerate him from the charge of negligence in giving Levi the opportunity to do so;

That George was guilty of culpable negligence, and that by reason of such negligence he was responsible for the deficit in the trust fund occasioned thereby.

Where payments are made to the beneficiary of a trust, and are received by her as interest upon a trust fund, they will not be applied in reduction of the principal of the trust fund, which by reason of the misfeasance of the trustee was impaired, and consequently did not produce the amount of interest thus paid.

APPEAL by the petitioners, Mary Jane Stahl and another, from a decree of the Surrogate's Court of the county of Seneca, entered in the Seneca County Surrogate's Court on the 26th day of March, 1894, judicially settling and allowing the account of George Litzenberger as trustee, etc., of John Litzenberger, deceased, as filed and adjusted, and removing the said trustee.

*Hammond & Hammond*, for the petitioners, appellants.

*G. & W. M. Wilcoxen*, for the trustee, respondent.

BRADLEY, J. :

This proceeding was instituted on the petition of the appellants, who are beneficiaries of the income of a trust fund pursuant to the will of the decedent, and they seek to charge the surviving trustee with the amount of such fund.

The testator died in April, 1882. By his will, which was admitted to probate, he named his sons George and Levi Litzenberger as executors and trustees. Letters were issued to them and they entered upon the execution of their trust. Amongst other things the will provided that his residuary estate should be equally divided among his children; that the shares of his two daughters, Sarah Ann and Mary Jane (the petitioners), should, by the executors, be invested, the interest paid to them annually, and at their death the remainder go to their children; and that his son Levi, if he so elected, should become the purchaser of a certain farm (of which the testator died seized) at the price of $6,600, to be conveyed to him by the executors. In April, 1884, the farm was conveyed by George Litzenberger, as executor, to Levi.

By the decree of the Surrogate's Court, made on an accounting of the executors in April, 1884, the amount of the residuary estate for each of the children then was $1,995.26, and the executors were charged with and directed to invest such sum for each of those daughters, and pay the income of it to her annually during her life. A like sum as the share of Levi was taken as part of the purchase money of the farm so conveyed to him. And until his death, in 1890, he paid to the petitioners interest upon the funds which, by the decree of 1884, the executors were directed to invest for them.

In March, 1885, Levi made a mortgage upon the farm to one Willers, to secure the payment of $2,316.66, which remained unpaid at the time of his death. Afterwards George Litzenberger individually took an assignment of the mortgage, foreclosed it by action, and the sale resulted in a surplus of $2,245.65 which, less $22.46 treasurer's fees, came into his hands as surviving trustee. That sum, a mortgage of $800 and $248.25 interest received by him, constitutes the trust fund for which he accounts, and from this he deducts $426 costs in an action brought by him against the personal representatives, widow and children of Levi Litzenberger, who died insolvent, to recover the amount of the trust fund in the unpaid purchase money of the farm, and he deducted the amount paid by him to the petitioners after the death of Levi, thus reducing the trust fund for both of them in his hands to $1,599.84. This is the amount for which he was charged by the decree of the Surrogate's Court, and he was directed to pay to his

successor that amount, less $66.04, his commissions. The payments made by the surviving trustee to the petitioners, and which were applied in reduction of the fund in his hands, were annually made in amounts equal to the interest upon the trust funds after the death of Levi and up to April, 1893.

The questions presented are: (1) Was the surviving trustee entitled to credit for the deficiency so far as it may be attributable to the consequences of the mortgage made by Levi on the farm? (2) Was he entitled to have allowed to him in reduction of the principal sum of the fund the amount of the payments so made by him to the petitioners annually?

Both of the trustees were, by the decree of April, 1884, directed to make the investment, and such was their duty under the will. No investment was made. The fund was treated as embraced within the consideration for the conveyance of the farm to Levi. For this he was personally liable. And, as evidence that the fund was in his hands, he, in March, 1885, delivered to his co-trustee the following memorandum:

" This is to certify that I have in my hands the balance of the trust funds belonging to Mary Jane Stahl and Sarah A. Deal from the estate of John Litzenberger, late of Varick, deceased.

" Dated *March* 28, 1885. LEVI LITZENBERGER."

This evidently was not the investment contemplated by the testator. Nor was the purchase money of the farm secured as it usually is when real property is sold on credit. If the sale had been made by the executors to any other person, and collection of the purchase money had been defeated wholly or partially by an incumbrance created by him upon the property, it would seem clear that the executors would have been responsible for their failure to take security. But the case here was rendered somewhat different by the fact that the purchaser was one of the executors and trustees, and had by the will been given the option to make the purchase. But he could not accomplish it without the conveyance of the other executor. It was by the act of the latter that the title was vested in him. The trust fund in question existed only in the farm, and never was otherwise in the hands of Levi Litzenberger, and that was placed there by the conveyance made by the respondent.

No liability arises against one of two executors for passively permitting the other to collect or receive the funds and assets of the trust estate, although they are wasted by him, unless he has reason to apprehend such consequence and takes no measures to prevent it. (*Ormiston* v. *Olcott*, 84 N. Y. 339 ; *Wilmerding* v. *McKesson*, 103 id. 329 ; *Cocks* v. *Haviland*, 124 id. 426.) It is otherwise when the trust funds are by his act placed in the hands of his co-executor or trustee, and without which he would not have had them. Then he may be responsible for the devastavit of the latter as to the funds so handed over to him. (*Croft* v. *Williams*, 88 N. Y. 384; *Bruen* v. *Gillet*, 115 id. 10.)

It was the duty of the respondent as well as of Levi to see to it that the trust fund which was to furnish the income for the petitioners was invested so as to render the purpose of the testator effectual. This trust was to be continued during the lives of the beneficiaries of the income, and that might embrace a long period of time. The respondent, being advised of this, conveyed the property to Levi, and relied wholly upon his personal responsibility and ability for the time the trust might continue to pay the interest upon the fund and finally to pay the principal sum of it to the children of the petitioners. He knew that there was no investment of it as contemplated by the testator, and, therefore, that the trust in that respect was not duly executed. It would have been only ordinary prudence to have secured the purchase money by mortgage on the farm, and thus an investment of the trust fund would have been created. It is difficult to see why he should not be responsible for his neglect to thus secure the fund, if there is any significance in the duty assumed by a trustee who undertakes the execution of a trust. The fact that he did not suppose that his grantee would impair the fund by mortgage, or that he did not until after his death learn that he had, does not exonerate him from the charge of negligence in giving him the opportunity to do it. This, under the circumstances, was nothing less than culpable negligence on his part, and by reason of it he should be held responsible for the deficit so occasioned in the trust fund. (*Earle* v. *Earle*, 93 N. Y. 104.) It is very likely that the application of that proposition to the accounting of the respondent may remove the deficit from the trust funds of the petitioners.

However that may be, no reason appears to justify the reduction of the principal of the trust funds by application of the payments made to the appellants by the respondent annually as of the interest upon the funds. The recipients understood the payments to be of interest, and received them as such, and the surviving trustee was so advised when he made them. As the terms of the will are represented by the record the petitioners were entitled to none of the principal sums of the trust. The payments so made to them by the respondent were not applicable to the reduction of the principal, and should not have been so applied.

Nor should the costs in his action against the personal representatives of Levi and others be applied in reduction of the fund in question to the prejudice of the petitioners. They were not parties to the action. Nothing was realized from the judgment other than the surplus money before mentioned, which had been deposited with the county treasurer.

For these reasons the decree of the Surrogate's Court settling the accounts of the respondent as surviving trustee should be reversed and a new accounting be had by him in that court, with costs to the appellants.

DWIGHT, P. J., LEWIS and WARD, JJ., concurred.

Decree reversed, with costs of this appeal, and the proceedings remitted to the Surrogate's Court of Seneca county for further accounting by the surviving trustee.