BAPTIST M. CORNER et al., Respondents, *v.* ALEXANDER MACKEY, Appellant.

1. PARTNERSHIP — ORIGINAL FIRM AND SUCCESSOR — RELATIONS WITH THIRD PARTY AS TO PROFITS AND LOSSES. When a firm, which has rendered annual accounts to a person entitled by contract to share in the profits and losses of the business, in which accounts the balance was carried forward from year to year, renders a final account at the end of a certain year, which is accepted without objection, and then dissolves and is succeeded by a new firm materially changed in membership, with which the same contract is maintained as to the relations of the parties in conducting the business, and which continues the rendition of the annual accounts, carrying forward the balance shown by the final account of the old firm, the person to whom such accounts are rendered cannot, by thereafter re-opening the accounts between himself and the old firm, obtain credit on the account with the new firm for errors and overcharges in the old account, unless there exists some contract or substitution whereby the new firm has obligated itself to such claimant to assume and pay whatever liability the old firm was under to him.

2. NOVATION OF DEBTS. The principle of novation of debts has no application to such a case, when the new firm has not assumed the liability of the old firm to the claimant beyond, at most, the indebtedness entered on the books, and the claimant has not discharged the original debtor and accepted the new firm as his debtor for such excess.

Reported below, 73 Hun, 236.

(Argued October 17, 1895; decided November 26, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made November 17, 1893, which affirmed a judgment in favor of plaintiffs entered upon the report of a referee.

This action was brought upon an alleged account stated. The answer, while admitting the co-partnership of plaintiffs as alleged, denied that any account had been stated between the parties, but admitted that an account had been rendered by the plaintiffs upon the day upon which it was alleged the account had been stated, showing the balance claimed, and alleging that defendant had not then the means of ascertaining whether the same was correct or not ; and he denied that he ever assented to the correctness thereof. The answer further sets up various defenses and counterclaims by which the defendant claimed to surcharge the said account stated for errors in respect to interest, and demanded an accounting, claiming a large balance to be due. To the counterclaim a reply was duly interposed.

The issues thus raised having been referred to a referee to hear and determine after the trial, the referee reported in favor of the plaintiffs for an amount much below that which was claimed in the complaint; and from the judgment thereupon entered, this appeal is taken by the defendant.

The referee finds that on the 6th of November, 1868, an agreement was entered into between the firm of Dowley, Corners & Co. on the one part, and the defendant Alexander Mackey and one Muller on the other part, providing for a business adventure, in which both parties should be interested, Dowley, Corners & Co. to furnish the refinery therein mentioned, and capital sufficient for working the same, and the defendant and Muller to furnish the patents and entire time and services ; all outlay of money connected with the property and the working thereof to be borne by the business, except in the case of additions in the shape of entirely new improvements ; the interest on a mortgage of $20,000 then on the premises to be borne by the business, and no rent or commissions upon purchases or sales to be charged unless actually

paid out ; and profits and losses to be divided or borne at the
end of each year in the proportion of two-thirds to or by
Dowley, Corners & Co., and one-third to or by the defendant
and Muller. The agreement was to continue in force for
three years from its date, at the end of which time Dowley,
Corners & Co. were to have the privilege of extending it to
the expiration of the patents, or for a shorter period by
increasing the interest of defendant and Muller to four-tenths
of the profits.

At the time of the execution of this contract, the refinery
was being carried on under a previous arrangement between
the same parties. It was continued for the period of three
years, ending the sixth day of November, eighteen hundred
and seventy-one. It was further continued thereafter with no
definite extension or new contract. But in fact, from and
after the first day of January, eighteen hundred and seventy-
two, the share of the defendant in profits and losses was
increased from one-sixth to one-fifth.

In 1875 the firm of Dowley, Corners & Co. was dissolved,
and a new firm known as Corner Brothers & Co., consisting
of the plaintiffs in this action, was thereupon organized, and
succeeded to the general assets, business and liabilities of
Dowley, Corners & Co. The members of the old firm who
were not members of the new firm retired and were settled
with on the footing of the books and accounts as they then
existed. Up to the time of such succession in 1875, Dowley,
Corners & Co., and from the time of their succession Corner
Bros. & Co., had rendered two statements to the defendant on
or about the first day of January in each year. The one was
a summary of the refinery business for the previous year and
exhibited the balance of profit and loss and the share therein
of each of the parties. The other was a detailed personal
account of the defendant with the firm for the same previous
year and included his share of the profit and loss from the
refinery account and exhibited the balance to his credit or
debit on such first day of January.

These personal accounts were continuous, carrying forward
the balance from each year to the succeeding year. Both sets

were regularly received and retained by the defendant without objection.

After the said succession of plaintiffs the refinery business was continued by the former in conjunction with the defendant, and for a part of the time with Muller upon the same footing and without any new definite arrangement between them and the defendant or Muller until on or about the 15th day of October, eighteen hundred and eighty, when it was finally discontinued in accordance with notice to that effect given by Corner Brothers & Co. to the defendant. No objection to the discontinuance was then made by the defendant who, on the contrary, had expressed his opinion of the inadvisability of proceeding without substantial alterations and improvements of machinery.

In making up the several refinery accounts interest was reckoned not only upon the mortgage, but also upon what were known as the working and improvement accounts, and was charged or credited to the business and became an element of profit or loss stated for the apportionment between the parties interested in the business at the end of each year. No part of the interest upon the working or improvement accounts was paid or received by either Dowley, Corners & Co. or their successors, the plaintiffs, the same being computed in their favor or against them, as the case might be.

The principal of the mortgage of $20,000 mentioned was paid off in installments. No part of such principal was ever charged to the business or in anywise paid by the defendant; nor does it appear that interest was ever fully realized by the plaintiffs upon this principal.

There was no effort on the part of the plaintiffs or their predecessors to mislead the defendant respecting the character or method of the accounts nor to withhold from him access to books or other means of information in regard thereto. He had mislaid his duplicate of the original contract, but did not seek to otherwise inform or remind himself of his rights there-

73

under. At the same time he was not an expert accountant, and his main reliance was upon the accuracy of the plaintiffs and their predecessors.

In the foregoing statement of the findings of fact of the referee, it has not been considered necessary to refer to figures, because the question involved upon this appeal does not relate to amounts but to the principles upon which the referee has based his conclusions of law.

As conclusions of law the referee found (1) Under the contract interest was not chargeable to the business on the working account nor on the improvement account, although in this last particular there may be room for doubt inasmuch as the contract failed to make it the duty of either of the parties to supply improvements not chargeable to expense account. But interest was at all times chargeable to the business upon the twenty thousand dollars represented by the mortgage, and without regard to payments of principal thereof by Dowley, Corners & Co., or by the plaintiffs.

(2) That the discontinuance of the business by the plaintiffs in the year eighteen hundred and eighty was without fault on their part such as to subject them to liability to the defendant for either penalty or damages. Moreover, the action of the defendant preliminary to and concurrent with the discontinuance left him no right of subsequent complaint.

(3) That in view of the receipt by the defendant of the series of accounts rendered to him by Dowley, Corners & Co., and the same absence of objection by him thereto and of the dissolution of the firm and the succession to the same by the plaintiffs' firm of Corner Brothers & Co., with material changes in membership and proportionate rights, and without notice that the accounts were in anywise unacceptable to the defendant, it would be inequitable to permit the defendant to now impeach these accounts for the purpose of charging the plaintiffs with a balance to defendant's credit at the time of the succession larger or other than the balance then appearing in his favor by the accounts so theretofore rendered to him.

And further, that the sums charged by the plaintiffs upon the working and improvement account were erroneously charged, and that notwithstanding the great delay of the defendant in objecting thereto, nevertheless correction of the errors can now properly be made for the period since the 1st of January, 1875, that being the date when the plaintiffs succeeded to the firm of Dowley, Corners & Co.

*Esek Cowen* for appellant. The General Term erred in holding that the defendant was liable for the full amount of interest on the $20,000 mortgage, after the same had been partly or wholly paid and extinguished by Dowley, Corners & Co., and by the plaintiffs, their successors. (*Sanford* v. *McLean*, 3 Paige, 117; *Booth* v. *M. & M. Bank*, 74 N. Y. 228; *Harbeck* v. *Vanderbilt*, 20 N. Y. 395; *Champney* v. *Coope*, 32 N. Y. 550, 551.) The referee and General Term erred in holding that the defendant could not be allowed the sums charged against him for interest on capital prior to 1875, when the firm was changed from Dowley, Corners & Co. to Corner Brothers & Co. (*Lockwood* v. *Thorne*, 18 N. Y. 285.)

*W. M. Rosebault* for respondents. Even if the plaintiffs had expressly agreed to assume all obligations of the old firm, including this particular claim asserted by the defendant, the latter would not be entitled to hold plaintiffs upon the contract. (*Serviss* v. *McDonnell*, 107 N. Y. 260; *Wheaton* v. *Rice*, 97 N. Y. 296; *Benton* v. *Winner*, 69 Hun, 494.) The principle of partnership novation referred to by appellant's counsel does not apply to this case. (*Shaw* v. *McGregory*, 105 Mass. 96; *Silverman* v. *Chase*, 90 Ill. 37; *Caswell* v. *Fellows*, 110 Mass. 52; Parsons on Cont. [7th ed.] 220, 221.) The fact that some members of the new firm had also been members of the old firm would not make the new firm liable to a counterclaim, based upon a liability of the old firm. (*Benton* v. *Winner*, 69 Hun, 494; *Spofford* v. *Rowan*, 124 N. Y. 108; *McCullough* v. *Vibbard*, 51 Hun, 227; Code Civ. Pro. §§ 494, 495, 498, 499.) The plaintiffs were entitled to charge interest upon the mortgage, notwithstanding the fact

that it had been paid off.  (*C. N. Bank* v. *Nat. Bank*, 50 N. Y. 575; *Robinson* v. *Leavitt*, 7 N. H. 99; *Starr* v. *Ellis*, 6 Johns. Ch. 393; *Gardner* v. *Astor*, 3 Johns. Ch. 53; *Forbes* v. *Moffatt*, 18 Ves. 384–394; *Marshall* v. *Wood*, 5 Vt. 250; *Lockwood* v. *Sturdevant*, 6 Conn. 374; *James* v. *Johnson*, 6 Johns. Ch. 417; *Freeman* v. *Paul*, 3 Greenl. (Me.) 260; *Thompson* v. *Chandler*, 7 Greenl. (Me.) 377; *Russell* v. *Austin*, 1 Paige, 192; *Parker* v. *Parker*, 4 Pick. 505; *Pratt* v. *Law*, 9 Cranch, 456; *Swain* v. *Perine*, 5 Johns. Ch. 482; Sheldon on Subrogation, § 13; *Booth* v. *F. & M. N. Bank*, 74 N. Y. 228.)   The defendant should be equitably estopped from questioning any of the interest charges. (*Morgan* v. *R. R. Co.*, 96 U. S. 716; *L. M. Bank* v. *Morgan*, 117 U. S. 96; *Kirk* v. *Hamilton*, 102 U. S. 68; Bigelow on Estoppel, 566, note 1; *Wendell* v. *Van Rensselaer*, 1 Johns. Ch. 344; *C. N. Bank* v. *Nat. Bank of Commonwealth*, 50 N. Y. 583; *M. & T. Bank* v. *Hazard*, 30 N. Y. 229; *Blair* v. *Wait*, 69 N. Y. 116; *G. Bank* v. *S. Bank*, 17 Mass. 33; *Stokes* v. *Barker*, 6 Johns. Ch. 168; *Dana* v. *Nat. Bank*, 132 Mass. 136.)

· ANDREWS, Ch. J.   The evidence is not in the record, and the only questions which can be considered arise upon exceptions to the conclusions of law of the referee, following his findings of fact.   The plaintiffs on the one hand are not entitled to any presumption in support of the judgment, that facts were shown other than those stated in the referee's report, and on the other hand the defendant must accept any inference fairly deducible from the facts found which tend to support the conclusions of law, and cannot question such inferences although not indisputable, and although the facts found were capable of diverse interpretations.   (*Rochester Lantern Co.* v. *Stiles & Parker Press Co.*, 135 N.Y. 209.)   The principal question relates to the claim on the part of the defendant that in making up the account between himself and the firm of Corner Brothers & Co. (the plaintiffs), he was entitled to be credited with the amount of the interest on capital used in the business, erroneously charged in the accounts of the former firm

of Dowley, Corners & Co., to the extent that said charges diminished the profits to which he was entitled in the business of that firm. The referee found that the firm of Dowley, Corners & Co. was dissolved in 1875. The plaintiffs organized the new firm of Corner Brothers & Co., three of the partners in the old firm retiring, and the three remaining partners uniting with two others of the plaintiffs, not members of the old firm, in organizing the new one. Unless the new firm, by an agreement between itself and the defendant upon sufficient consideration, assumed whatever liability the firm of Dowley, Corners & Co. might be under to the defendant at the date of its dissolution, it is plain that the new firm could not be compelled, in making up its accounts with the defendant in respect to the business of the new firm, to credit him, at most, anything more than $2,866.09, the sum appearing to his credit on the books of the former firm. The account between the plaintiffs and the defendant was adjusted by the referee on the theory that the defendant was entitled to a credit for that amount, and the plaintiffs are not in a position to question the correctness of the decision as to this item, even if a doubt might be raised in respect to it. After the organization of the new firm in 1875 the refinery business was continued, as the referee finds, by the new firm and the defendant and Muller, upon the same footing, though without any new definite arrangement, as theretofore between them and the old firm.

There were losses in place of profits in the business of the new firm, and, under the agreement of November, 1868, under which the parties acted, the defendant was bound to bear one-fifth of such losses. He now in effect seeks, by re-opening the accounts between himself and the old firm, to obtain credit on the account with the new firm for the errors and over-charges in the old account. He cannot be permitted to do this unless by force of some contract, or substitution, whereby the new firm obligated itself to the defendant to assume and pay whatever liability the old firm was under to him. No such obligation or substitution is shown by the facts found.

The accounts rendered by the old firm on the first day of January of each year up to January 1, 1875 (immediately preceding the dissolution), although retained without objection, could be impeached by him for fraud or mistake. (*Lockwood* v. *Thorne*, 18 N. Y. 285.) When the new firm was organized he then had, and still has, unless he has released the old firm, or the statute has barred him, a right of action against the old firm for any profits not accounted for up to its dissolution. The new firm entered into no obligation to the defendant, express or implied, to assume such liability. It entered into no such obligation with the old firm. The finding is that the new firm succeeded to the "general assets, business and liabilities of Dowley, Corners & Co.," and that the members of the old firm, who went out of the business, "were settled with on the footing of the books and accounts as they then existed." The fair inference from these findings is that the new firm assumed the liabilities of Dowley, Corners & Co., appearing on the books and accounts of that firm and settled with the retiring partners, on the basis that the liabilities were such as were shown thereby. Even if by the agreement with the old firm the new firm assumed its liabilities without limitation, the agreement would not inure to the benefit of the defendant, or give him a right of action thereon. (*Wheat* v. *Rice*, 97 N. Y. 296 ; *Serviss* v. *McDonnell*, 107 id. 260.) As between the two firms it is plain that the old firm could not, under the arrangement with the new firm, have maintained an action against the latter to recover a sum which they might have been obliged to pay the defendant, or had paid him, on a correction of the accounts.

The principle of novation of debts has no application. The new firm had not taken upon itself the liability of the old firm to the defendant beyond, at most, the indebtedness entered on the books, nor had the defendant, upon the facts found, discharged the original debtor and accepted the new firm as his debtor for such excess. (*Shaw* v. *McGregory*, 105 Mass. 96 ; *Caswell* v. *Fellows*, 110 id. 52.) The conclusion of the General Term, that the account between the new firm and the

defendant did not draw into it any liability of the old firm to the defendant beyond the sum appearing on the final account rendered by that firm January 1, 1875, is supported by the facts found. We do not rest our affirmance on this point on the doctrine of equitable estoppel. We should have some difficulty in placing our affirmance on this ground. But on the ground that there was no contract liability, and that the finding that the new partners continued business on the same footing as the original partners to the contract, can only mean that the terms of the original contract were to govern the relations of the parties thereafter in conducting the new business, the decision should be upheld. We agree with the General Term in its disposition of the question of the charge to the business of the new firm of a sum equal to the interest on the mortgage of $20,000. The reasons are fully stated in the opinion of the General Term, and it is unnecessary to repeat them.

We think the judgment is right, and it should, therefore, be affirmed.

All concur.

Judgment affirmed. _____