In the Matter of the Compulsory Accounting of the Executors of the Estate of ISAAC E. HOAGLAND, Deceased.

SARAH HOAGLAND FRENCH, Appellant; ISAAC A. HOPPER, as Executor, etc., of ISAAC E. HOAGLAND, Deceased, Respondent.

*Executor — liability of, for a devastavit of his co-executor — measure of care required of him — an incoming partner is not liable for the firm debts previously incurred.*

An executor is not liable for the misappropriation by his co-executor of a fund which such co-executor lawfully received from the testator during his lifetime, where it appears that nothing occurred to excite his suspicion as to the integrity or responsibility of his co-executor, until the latter refused to comply with a request to deposit the fund in a trust company, and that the executor thereupon consented to the institution of proceedings to compel his co-executor to make the deposit.

In such a case the liability of the executor depends upon the question whether his conduct was guided by good faith, reasonable judgment and an intention to fairly and fully discharge his duty.

An incoming partner is not liable for the prior debts of the firm, in the absence of an agreement to assume such liability.

APPEAL by Sarah Hoagland French from a decree of the Surrogate's Court of the county of Kings, entered in said Surrogate's Court on the 31st day of December, 1901, confirming the report of

a referee appointed in the proceeding, overruling the exceptions filed by the appellant to the account of Isaac A. Hopper, as executor, etc., of Isaac E. Hoagland, deceased, and judicially settling said account.

*J. Woolsey Shepard*, for the appellant.

*Charles W. Dayton* [*Joseph E. Bullen* with him on the brief], for the respondent.

WOODWARD, J. :

This is an appeal by Sarah Hoagland French, a legatee under the will of Isaac E. Hoagland, from a decree of the surrogate of the county of Kings, confirming the report of the referee, overruling exceptions to the account of Isaac A. Hopper as one of the executors of said will, and settling said account and discharging said executor. There were three executors, all of whom duly qualified, Henry P. Robinson, a former partner of the testator, Isaac A. Hopper, the respondent, and Julius K. French, testator's son-in-law and husband of the appellant. The present controversy relates to a fund of about $11,000, substantially all the property left by the testator, which he had turned over to Robinson, apparently for the purpose of a new partnership formed or to be formed between them, shortly before his death on February 28, 1898. The appellant contests Hopper's account because he fails to charge himself as executor with the said sum of $11,000.

It appears that Robinson was the active executor. He engaged Mr. J. Woolsey Shepard, who had been counsel for the testator and is counsel for the appellant, to probate the will; he carried on the business in which the testator had invested the $11,000; he received insurance money and paid it over to the beneficiaries, and paid to Sarah Hoagland French, the appellant, as trustee for the widow, $10 weekly until September, 1899. At various periods between August, 1898, and February, 1899, Hopper advanced to Robinson for the purposes of the business sums aggregating about $20,000, and in the latter month executed articles of partnership with him. In the fall of 1899 the executor French requested Robinson to deposit the fund turned over to him by the testator, and now reduced to about $8,000, with a trust company. Robinson not having complied with this request, upon the petition verified December

20, 1899, of Elizabeth M. Hoagland, a daughter and a legatee of the testator, and an order of the surrogate of the county of Kings requiring the executors to show cause, and on the motion of Mr. J. Woolsey Shepard, Robinson was " ordered and directed forthwith to deposit the sum of $8,459 belonging to the estate of Isaac E. Hoagland, deceased, now in his hands as executor as aforesaid, in the Colonial Trust Company." In his affidavit supporting this petition, sworn to on December 19, 1899, the executor French stated that he and his co-executor Hopper were desirous that the funds of the estate then in the hands of Robinson be deposited with the trust company, and the order of the surrogate directing such a disposition of the funds and dated April 10, 1900, was made upon the consent of Hopper. Robinson never complied with the order, though it was affirmed by this court (51 App. Div. 348) and by the Court of Appeals (164 N. Y. 573). He became bankrupt and removed from this State.

The learned referee found " That all the parties interested either as executors or beneficiaries acquiesced in Robinson's retention of the fund, and Hopper was never requested to get in the fund. Up to the time of said application all the parties believed Robinson to be financially responsible and entirely trustworthy. All the parties are equally innocent of the misappropriation of the fund by Robinson, nor did any of them have any knowledge of such misapplication, nor any notice to arouse their suspicion." He also found as conclusion of law: " I. That no property or assets of the estate of Isaac E. Hoagland, deceased, have come into the possession of the executor, Isaac A. Hopper. II. That the executor, Isaac A. Hopper, is not responsible for the breach of trust by the executor, Henry P. Robinson."

Practically the sole ground urged for reversal is that the executor Hopper was guilty of negligence in that he did not exercise the ordinary care and prudence in connection with the administration of the estate which he was bound by law to exercise; and the question of the case is " whether the conduct of the executor has been guided by good faith, reasonable judgment and an intention to fairly and fully discharge his duty. If so, it cannot be that he should still be held liable for a *devastavit*." (*O'Conner* v. *Gifford*, 117 N. Y. 275, 280.)

In *Wilmerding* v. *McKesson* (103 N. Y. 329) the court say (p. 338) : " Where the funds of the estate were lawfully received by one of the executors, or were originally in his hands or properly paid to him in the due course of administration, and there is nothing to excite suspicion as to the integrity or responsibility of such trustee, or to create a belief that the funds have been improperly used or invested in violation of the established rules applicable to such cases, or were unlawfully allowed to remain uninvested, there is no rule which charges the executor or. trustee who has not control of the fund, with the wrongful acts or misconduct of his associate. If, however, the circumstances are such as to create a doubt in respect to the safety of the funds, a co-executor is not exonerated from the duty of vigilance in protecting them. If the executor is merely passive, and simply does not obstruct the collection or receipt of assets by his associate, he is not liable for the latter's waste ; but where he knows and assents to such misapplication, or negligently suffers his co-executor to receive and waste the estate when he has the means of preventing it by proper care, he becomes liable for a resulting loss. (*Croft* v. *Williams*, 88 N. Y. 384.)" The court also quote from Williams on Executors (6th Am. ed., 1820) the general rule as to the liability of one executor for the acts of his co-executor, as follows : " A *devastavit* by one of two executors * * * shall not charge his companion provided he has not intentionally or otherwise contributed to it. For the testator's having misplaced his confidence in one, shall not operate to the prejudice of the other." Continuing, the court say (p. 340) : " For the *devastavit* of a co-executor or trustee an executor or trustee is not liable unless it appears that he had knowledge, or assented to the acts done, or had notice which should excite his suspicion and put him on inquiry. This rule is fully sustained by the authorities." (Citing cases.)

In the case at bar the funds were lawfully received by Robinson, and that there was nothing to excite in Hopper's mind any suspicion of his integrity or responsibility is evident from Hopper's intrusting Robinson with about $20,000 of his own money.

" The rule of liability," say the court in *Cocks* v. *Haviland* (124 N. Y. 426, 431), " does not go so far as to charge an executor having none of the funds of an estate in his possession or under his

control, with the consequences of the neglect or failure of his co-executor to make the disposition by investment or otherwise of the subject of the trust pursuant to the direction of a will where the latter lawfully has the entire fund in his hands and assumes its management, unless there is some occasion to suspect that he has or may fail to execute the will in that respect." (Citing cases.) There was no occasion to suspect Robinson before he neglected the request to deposit the fund, if there was then, and Hopper consented to the proceedings which were then instituted to compel Robinson to make such deposit. Robinson had been the acting executor, and it is significant that the present counsel for the appellant, who was then familiar with the situation, elected to proceed against Robinson. Apparently it never occurred to any one that Hopper had been guilty of negligence until the failure of the efforts to make Robinson deposit the money. Upon the evidence and in view of the authorities cited, it seems clear that Hopper is not guilty of such negligence as will charge him with the *devastavit* of his co-executor.

It is also claimed by the appellant that Hopper became liable because he was a partner of Robinson, but the evidence shows that he did not become such partner until February, 1899, and in the absence of an agreement to assume such liability, the incoming partner is not liable for the prior debts of the firm. (*Peyser* v. *Myers*, 135 N. Y. 599; *Corner* v. *Mackey*, 147 id. 574.)

For the reasons stated, the report of the referee was properly confirmed, and the decree of the surrogate should be affirmed, with costs.

GOODRICH, P. J., BARTLETT, HIRSCHBERG and JENKS, JJ., concurred.

Decree of the Surrogate's Court of Kings county affirmed, with costs.