By the Court,

Cowen, J.
The first question is, whéther the rent was certain. I collect from the lease that it was to be three dollars per acre for the improved land, with the privilege of making payment by building stone wall at a price fixed in the lease or to be agreed upon.
The rent was certain enough. Nor was it rendered uncertain by the provision as to the mode of payment. The number of acres for which the three dollars were payable, were ascertainable by proof; and so with the value of the wall to be deducted as payment. Id certum est quad cerium reddi potest; and this rule is not changed by the revised statutes. (1 R. S. 738, 2d ed. § 18.) The case of Valentine v. Jackson, (9 Wendell, 302,) is not incompatible with it; and Smith v. Colson, (10 John. R. 91,) settles the question, and even more than settles it, in favor of the defendant.
*650 The affidavit is sufficient. By 2 R. S. 412, 2d ed. I 8, it must specify the amount due, and the time for which it accrued. Here it is, in short, that the sum of one hundred and thirty dollars and fifty cents is due, being the balance' of one year’s rent of the demised premises, said year’s rent ending in the month of January, A. D. 1840. This gives the amount and the time for which it accrued. The latter was during the year ending in the month next preceding the first of February, 1840; and as plainly expressed as if in so many words. (Jenkins v. Pell, 17 Wend. 417; 20 id. 450, S. C. on Error.)
The motion for a new trial must be denied.
Bronson, J. dissented; being of opinion that the affidavit was insufficient.
New trial denied.