WILLIAM P. WRIGHT, Respondent, v. GEORGE S. WRIGHT, Appellant.

The parties were heirs-at-law and next of kin of J., deceased, of whose estate defendant was administrator. Plaintiff drew two drafts on defendant, which the latter paid. Defendant thereafter presented a verified account as administrator, to the surrogate, of moneys paid by him to the next of kin, including in the statement of moneys paid to plaintiff on account of his distributive share, the two drafts. The surrogate rejected these claims. On appeal to the General Term the surrogate's decision was reversed. In an action brought by plaintiff for an accounting as to rents and profits of the real estate left by J., which had been received and collected by defendant, the latter set up as a counterclaim the sums paid upon the drafts. *Held*, that the facts evinced an intention, on the

part of defendant, to apply the sums paid on the drafts toward plaintiff's distributive share of the personalty, and having thus elected as to the fund out of which said sums should be paid, he was precluded from applying them as against the rents received from the realty; and that the counter-claim was properly rejected.

Also, *held*, that the fact that an appeal had been taken from the decision of the General Term was immaterial.

(Argued December 18, 1877 ; decided January 15, 1878.)

APPEAL from judgment of the General Term of the Court of Common Pleas, in and for the city and county of New York, affirming a judgment in favor of plaintiff, entered upon the report of a referee.

This action was brought for an accounting as to rents and profits of certain real estate alleged to have been received by defendant, and to recover a share thereof, which plaintiff claimed to be entitled to as tenant in common ; defendant set up as a counter-claim, payment for plaintiff's accommodation of two drafts drawn upon him by plaintiff, each for $1,000.

The parties were brothers; their father, John T. Wright, died intestate, seized of certain real estate, of which defendant took charge, receiving the rents. Defendant was appointed administrator of the estate of the deceased. The drafts drawn by plaintiff, set forth as a counter-claim, were produced in evidence. The first contained this direction, " and charge the same to account of my interest in father's estate." Attached to it was a receipt signed by plaintiff, as follows :

" Received from George S. Wright, administrator of John T. Wright, deceased, the sum of one thousand dollars, * * * being on account of my distributive share of said estate of John T. Wright." The other draft directed defendant to charge "to account of" plaintiff. These drafts were paid by defendant. The defendant testified that he advanced moneys for the plaintiff's accommodation, on account of anything he might owe plaintiff. Subsequent to the payments, defendant, as administrator, presented to the surrogate his final accounts for settlement, and thereafter

applied to the surrogate by petition verified, alleging payment to the next of kin of various sums to a large amount, and claiming he was entitled to be credited "to the extent received by such next of kin respectively, on account of any distributive share in the said estate of the deceased he may be decreed to pay to such next of kin." Attached to the petition was a statement entitled, "amount paid William P. Wright, a son of deceased, on account of his distributive share of said estate," included in which were two items corresponding to the drafts. Accompanying said petition was an affidavit of defendant's, stating, among other things, in substance, that he did not know that it was necessary in the preparation of his account to include "payments made to the next of kin," and so had inadvertently omitted the same. The surrogate denied the petition for want of power. On appeal to the General Term, the decision of the surrogate was reversed. (See 7 Hun, 608.) Defendant offered to prove at the time he made the advances, "he supposed he was liable as administrator, as well for the rents he had collected as for the personal estate, and that he had intended the payments should apply upon account of anything that might be found due from him to the plaintiff, and that the plaintiff was a person of no pecuniary means," which evidence the referee refused to receive, and the defendant excepted. Further facts appear in the opinion.

*Clarkson N. Potter*, for appellant. Defendant was entitled to set up as a counter-claim in this action the advances made by him to plaintiff. (*Allen* v. *Culver*, 3 Den., 290; 15 How., 238.)

*Samuel Hand*, for respondent. Defendant having once applied the drafts to payments on account of a distributive share in the personal estate, could not withdraw them and apply them upon another account. (2 Pars. on Con., 629; *Allen* v. *Culver*, 3 Den., 291; *Pattison* v. *Hull*, 9 Cow., 747; *Dows* v. *Morewood*, 10 Barb., 183.)

MILLER, J.   The first draft for one thousand dollars drawn by the plaintiff upon the defendant, and which the defendant now seeks to set off against the plaintiff's demand, purported upon its face to be on account of the plaintiff's interest in his father's estate, and the receipt for the same is to the defendant as administrator on account of the plaintiff's "distributive share of said estate." It is quite manifest from the papers referred to, that the money was paid upon the draft on account of such personal estate, and was to be applied thereon at the time, according to the understanding of the parties. The draft for the same amount of a later date directed the defendant to charge the same to plaintiff's account. The defendant testifies that he advanced the moneys for the plaintiff's accommodation on account of anything which he might owe to the plaintiff. It appears that subsequent to the payment of the drafts, which was in 1870, and in the month of September, 1875, the defendant as administrator of his father's estate, presented to the surrogate a verified account of moneys paid and advanced by him to the next of kin of the deceased, with a schedule attached, containing a particular statement of moneys paid to the plaintiff on account of his distributive share, in which he charges the amount for which the drafts in question were given, at or about the date of the same. He thus conceded that both of them were applicable on the plaintiff's share of the personal estate of his father. Whatever criticism may be indulged in as to the language employed in the application and the affidavit accompanying the same, it cannot be denied, I think, that these papers evince an intention of the defendant to apply both of the sums named towards the plaintiff's distributive share of such estate. Such being the irresistible inference from the facts, I think that the defendant is precluded from claiming that such payments were to be differently applied, and that they are a proper and legitimate counter-claim against the rents received by the defendant from the real estate, and it is too late now to interpose such a defense in this action. It is true the surrogate rejected

these claims, but his decision was reversed on appeal, in this respect; and as the case now stands, they were properly presented by the defendant, and should have been allowed. The fact that an appeal was taken, and is pending, from the decision of the General Term, of itself, makes no difference and cannot change the aspect of the case, or aid the defendant, and it is enough that the law, as declared, held them to be legitimate. But in no event is this controlling, for the affidavit of the defendant as to the original application is conclusive against the defendant, and he cannot now withdraw his claim from his account rendered under oath, and use the same as a set-off in this action against the plaintiff's demand. Such a position is inconsistent with the acts and declarations of the defendant heretofore, and cannot be upheld upon any legal ground. He has made his election, and is precluded from claiming a right to change his ground.

It is urged, in support of the defendant's position, that if he should not succeed in his claim against the estate, it may cause the loss to the defendant of the amount of the drafts. The answer to this is. First, that as the defendant has elected as to the fund out of which the drafts should be paid, he must abide the result of his election, within well-settled rules of law. Second, if the defendant succeeds in having the claim allowed upon the accounting, according to the decision of the General Term, and the law of the case as thus settled, and in making an offset of the 'same in this action, he will be paid twice for the same amount. While there may be difficulties in either contingency, the case must after all be determined upon the application of payments already made; and, in view of all the facts, the defendant should be bound thereby. He has chosen to stand in this position, and has no reason for complaint if he is held to it.

The judgment must be affirmed.

All concur.

Judgment affirmed.