HEYE v. TILFORD et al.

(Supreme Court, Appellate Division, First Department. March 6, 1896.)

1. PARTNERSHIP—EVIDENCE.

The burden of proof, assumed by the executor of L., of showing, as against G., that L. was a partner in a firm of which it was admitted G. and two sons of L. were partners, is not sustained by evidence that L. contributed the capital of the firm; that it acted as ship's husband for the vessels in which L. was interested; that accounts were opened on the firm book in the names of each of the three admitted members and L.; that, at the end of each year, the profits or losses were estimated, and credited or charged to each of the accounts according to a ratio fixed by L., which changed from time to time at his suggestion; and that each of them was charged or credited with interest on the balance of his account, —it appearing that L. took no part in the transaction of the business of the firm; that, during this time, he individually carried on an importing and shipping business; that, several years after the formation of the firm, he took a deed of the premises where the firm's business was carried on, executed a declaration of trust reciting that he held the premises for the benefit of the firm, and that he had no beneficial interest therein, and covenanted with G. and his two sons, recited as composing the firm; that, after heavy losses had occurred in the firm, he asked the bookkeeper of the firm the amount thereof, and, being told, said to him that he would have to give the boys some more money to go on with the business; that, testifying in an action where he had no reason to say anything but the truth, he swore that he had never been a member of the firm; and that his will recited that he had considerable money loaned to the firm, and provided that it should be left with it so long as one of his sons should desire.

2. SAME—ACCOUNTING—PLEADING AND PROOF.

Where an action for an accounting bases the right of action on an allegation of partnership between the parties, plaintiff cannot recover, partnership not being shown, though a joint adventure is proven.

Appeal from judgment on report of referee.

Action by Gustave Heye, surviving executor, etc., of Alexander M. Lawrence, against Henry M. Tilford, surviving executor, etc.,

of John C. Giles, and others.   From a judgment dismissing the complaint, plaintiff appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

E. B. Hill, for appellant.

Peter B. Olney, for respondents.

RUMSEY, J.   This action was brought by the executor of Alexander M. Lawrence against John C. Giles and Francis S. Marbury, as executor of George P. Lawrence, to obtain an accounting of the affairs of the firm of Lawrence & Giles.   The executor of George P. Lawrence was made a party, but, as stated in the case, simply for the reason that, without him, the suit could not be maintained, and it was made to appear that George P. Lawrence had paid over to the estate of Alexander M. Lawrence all he owed, and for that reason no relief was asked against him.   The executor of George P. Lawrence, in his answer, asked affirmative relief against Giles; but, upon the dismissal of the complaint, no notice was taken of his prayer, and, as he has not appealed, no further attention need be given to that branch of the case.

The action was begun against Giles in his lifetime.   He died after his answer had been served, and his executors were substituted as the defendants in his place.   The foundation of the action, and the fact which lay at the bottom of the claim of relief on the part of the plaintiff, was that Alexander M. Lawrence had been, since 1857, a partner in the several firms which had conducted the business under the name of Lawrence, Giles & Co., and of which, it was conceded, on all hands, that the sons of Alexander M. Lawrence, from time to time, and the defendant John C. Giles, all the time, were members.   The complaint alleged that Alexander M. Lawrence was a member of the firm through all the years during which it continued under various names, and, basing his cause of action upon that fact, the plaintiff demands, as relief, that the defendant Giles account for the partnership transactions so far as it was necessary to establish his liability, and pay over to the executor of Lawrence whatever sum should be found due to him from Giles.   It asks no judgment against the other members of the firm. The action was referred to a referee, and, after a large amount of testimony had been taken, the referee directed that the complaint be dismissed.   The decision was the usual short form of decision, and the grounds upon which the complaint was dismissed were that the plaintiff had failed to establish that Alexander M. Lawrence was a partner in the firm of Lawrence, Giles & Co., and that accounts of that firm had been balanced and settled as of the date of the death of Alexander M. Lawrence, and the balance due from Giles was fixed and determined thereby, and any claim against the executors of Giles in respect thereto had been barred by the statute of limitations.

The right to an accounting in this case on the part of the plaintiff was claimed solely because of the existence of the partnership,

and so, to establish his cause of action, it was necessary that he should prove, in the first instance, that Alexander M. Lawrence was a partner in the firm of Lawrence, Giles & Co.; and, if he did not succeed upon that point, he failed in the essential fact which gave him a right to the accounting, and the referee was right in dismissing his complaint. The referee found that there was no partnership, and the only question presented by this appeal is whether that finding was correct upon all the evidence in the case. The finding of the referee was excepted to, and so, under the provisions of section 1022 of the Code of Civil Procedure, it is our duty to review all the questions of fact. To a very considerable extent, therefore, the question is at large when it is presented to this court. But, while that is so, it must not be forgotten that, whenever a case is presented for review to an appellate court, error on the part of the court below will not be presumed, but must be made clearly to appear. It is incumbent upon the appellants so to present the facts upon which the case depends as to show affirmatively that error has been committed. Nothing can be presumed in his favor, but, if presumptions are indulged in at all, such only can be adopted as will sustain the judgment. Carman v. Pultz, 21 N. Y. 547. While the rule, as laid down in that case, was stated as one which should govern the action of the court of appeals, it is yet a well-settled principle, which applies to review by an appellate court in all cases in which an appeal is taken from a judgment. It is a sound and wholesome rule, and care should always be taken that it is not to be overthrown or even trenched upon.

The question presented here is whether the plaintiff has shown that these persons had formed a partnership inter sese. In considering that question, it must be recollected that the same rules do not apply which are invoked where a third person claims that those engaged in a joint adventure are liable as partners. Individuals may be charged as partners, as to third persons, by voluntarily and knowingly sharing in the profits of the business, or holding themselves out as partners, and thus inducing a credit on the faith of the supposed partnership. Such a liability may be created as to third persons by an equitable estoppel. But, when it is sought to be established on a footing of contract of partnership between the parties, an agreement must be shown, and it will not be implied from the joint ownership of property, nor will the relation arise by operation of law. Bank v. Walker, 66 N. Y. 424, 428; Leggett v. Hyde, 58 N. Y. 272, 278; Hazard v. Hazard, 1 Story, 371, 373, Fed. Cas. No. 6,279. This distinction is well settled, and must be carefully borne in mind whenever the question arises as to the existence of a partnership. Whenever, in an action between two persons alleged to be partners, a partnership is sought to be proved, the decision of the question depends entirely upon the intention of the parties as legally ascertained. That does not mean a mere arbitrary intention. If the terms of the contract between the parties are fixed and certain, the question of partnership is

v.37 N.Y.s.no.5—48

usually a question of law, to be decided upon the construction of the contract; and in such a case the declarations of the parties outside the contract as to the nature of the agreement which it was their intention to form would be of little weight. But unless, in some manner, it is found to be the intention of the parties that they should become partners, then the partnership cannot be said to exist. Salter v. Ham, 31 N. Y. 321; 17 Am. & Eng. Enc. Law, 832. If the terms of the contract are in dispute, they must be ascertained; and then the question whether or not they are partners, as between themselves, is ordinarily to be determined by the contract as that shall be found to be. But if, by the terms of the contract, or by other competent evidence, it is made to appear that the parties had no intention of becoming partners between themselves, they will be held not to have assumed that relation. In the case of Assurance Co. v. Drennen, 116 U. S. 461, 6 Sup. Ct. 442, the court say:

"Persons cannot be made to assume the relation of partners, as between themselves, when their purpose is that no partnership shall exist. There is no reason why they may not enter into an agreement whereby one of them shall participate in the profits arising from the management of particular property without his becoming a partner with the others."

This utterance of the court was approved by the same court in the later case of Paul v. Cullum, 132 U. S. 539, 10 Sup. Ct. 151. The same rule has been laid down in this state. Salter v. Ham, supra. In the English court of appeal it was held that, while the agreement for participation in profit and loss was prima facie evidence of a partnership between the contracting parties, as between themselves, yet the question of a partnership must in all cases depend upon the intention of the parties as it appears in the contract. Walker v. Hirsch, 27 Ch. Div. 460. It appears, from these cases, that the rule is thoroughly well settled; and when the question is presented whether two people have entered into a partnership between themselves, the court must look at the contract, as explained by their own transactions and statements, and ascertain whether it was their intention to become partners, if the intention cannot be conclusively drawn from the terms of the contract which they have made.

In this case the original parties to the transaction are all dead. The contract, whatever it was, was never reduced to writing, and there is no direct evidence, so far as appears, as to the precise terms upon which they were in business together. We can only look at their acts and declarations, and from them come to a conclusion whether or not the plaintiff has established, by a fair preponderance of evidence, that Alexander M. Lawrence was a partner in these several firms. It appears, from the evidence, that, about the 1st of October, 1857, a partnership was formed in New York, the firm name of which was Lawrence, Giles & Co. Everybody concedes that John S. Lawrence, George P. Lawrence, and John C. Giles were members of that firm. Alexander M. Lawrence was the father of the two Lawrences who were in the firm. He had been a shipping merchant and importer in New York, and owned con-

siderable shipping, and the firm of Lawrence, Giles & Co., after its organization, acted as ship's husband for the vessels in which Alexander M. Lawrence was interested. Alexander M. Lawrence contributed the capital of the firm. Accounts were opened on the books of the firm, in the names of each of its members, and Alexander M. Lawrence, also. At the end of each year the profits or losses for the year were estimated, and a certain fixed proportion of them was credited or charged to each of the accounts. The ratio of the division of profits and losses was fixed by Alexander M. Lawrence, and was changed from time to time at his suggestion. In 1871, John S. Lawrence died, and his interest in the firm was ascertained and paid. The survivors went on with the business at the same place, and under the same name, until the year 1878, when Henry S. Lawrence, another son of Alexander M. Lawrence, entered the firm. He continued a member until the end of the year 1880. After his withdrawal, his interest was ascertained and paid over, and the other persons carried on the business until the death of Alexander M. Lawrence, in June, 1882. During all this period each of the parties, including Alexander M. Lawrence, was charged or credited with the interest on the balance of his account. This is substantially all the evidence in the case tending to establish that Alexander M. Lawrence was a partner in the firm.

On the other hand, we have the fact that, after his death, in June, 1882, George P. Lawrence and John C. Giles carried on the business under the same name until the death of George P. Lawrence in 1891. During all the years from 1857 until his death, Alexander M. Lawrence took no part in the transaction of the business of the firm. He continued his own importing and shipping business, for which a distinct set of books was kept. In 1867 he took a deed of the premises No. 11 William street, where the business of the firm was carried on at that time, and executed a declaration of trust wherein he recited that he held the premises in trust for the benefit of the firm of Lawrence, Giles & Co., and that he had no beneficiary interest therein, and he entered into a covenant with George P. Lawrence, John S. Lawrence, and John C. Giles, recited as composing the firm of Lawrence, Giles & Co., that he and his heirs would hold the premises in conformity with the provisions of the declaration of the trust. In the year 1875, after very heavy losses had occurred in the firm, Alexander Lawrence asked the bookkeeper one day what the amount of losses had been, and, having been informed, told the bookkeeper that he would have to give the boys some more money to go on with the business. In March, 1881, Alexander M. Lawrence, testifying before a referee in an action in which, so far as appears, he had no reason to say anything but the truth on this point, swore that the firm of Lawrence, Giles & Co. was, in 1867, composed of John S. Lawrence, George P. Lawrence, and John C. Giles, and that he (Alexander M. Lawrence) had never had any interest in that firm, and was in no way connected with it. His will, which was dated on the 27th of April, 1881, contained a provision reciting that he had a considerable sum of money loaned to the firm of Lawrence, Giles & Co.,

the sudden withdrawal of which might subject them to inconvenience, and directing that such moneys should be left with the firm as long as his son George P. Lawrence should desire. This was substantially all the testimony which is competent to be considered between these parties as bearing upon the question whether or not Alexander M. Lawrence was a partner. There was some testimony given of declarations by George P. Lawrence, but that cannot be considered between these parties.

Upon a careful consideration of this testimony, it seems to us that the referee was correct in the conclusion which he reached, that Alexander M. Lawrence was not a partner in this firm. While the evidence, from the sharing in the profits and losses and the general connection had by A. M. Lawrence, was weighty, as tending to show that he was a partner, and would probably charge him with the liabilities arising from that relation in an action brought by a third person upon a contract with the firm, yet it cannot be disputed that he never regarded himself as a partner, and, whenever he was asked about it, so far as appears, denied that the relation existed. All the facts are entirely consistent with some other relation, and upon the whole case we agree with the referee that the plaintiff failed to establish the burden of proving that the partnership existed. That being so, the plaintiff was not entitled to an accounting. Salter v. Ham, 31 N. Y. 321; Arnold v. Angell, 62 N. Y. 508; Hazard v. Hazard, 1 Story, 373, Fed. Cas. No. 6,279.

It is claimed, however, by the plaintiff, that, although no partnership relation was shown to exist, Alexander M. Lawrence was still entitled to an accounting, as one who was engaged with the firm of Lawrence, Giles & Co. in a joint adventure. It is to be noticed that the plaintiff does not ask relief against the firm of Lawrence, Giles & Co., but only against one of the members of that firm. He says that, having been a partner in that firm, he has, as to the result of the transactions thereof, become a creditor of Giles, and he demands an accounting, and the payment of that debt. Unless the relation of partner was established, he shows no right to an accounting from Giles, or to the payment of any sum by Giles to him. That fact, then, as we have said, lies at the basis of this cause of action, and the cases above cited establish that, when a claim to an accounting is based solely upon the existence of a partnership, and that fact is not made to appear, the complaint must be dismissed. The case of Arnold v. Angell is decisive on that point. In that case, the action was brought for an accounting upon an allegation that the plaintiff and the defendant were copartners, and the relief demanded was that the copartnership be dissolved, and that there be an accounting and a division of the proceeds. The judge, at the trial, found that there was no partnership, but that, in spite of that fact, because there was a joint adventure, the plaintiff was entitled to an account of the business. The interlocutory judgment entered upon this finding was affirmed at the general term. Arnold v. Angell, 38 N. Y. Super. Ct. 27. Upon appeal to the court of appeals from the order entered upon this decision of the general term, the judgment was reversed; the court

saying that, when the issue of partnership was decided against the plaintiff, the action was at an end and the defendant was entitled to judgment. 62 N. Y. 508. The case of Marston v. Gould, 69 N. Y. 220, is entirely different. In that case there was no allegation that the parties had entered into a partnership between themselves. The only claim was that they were engaged in a joint adventure, which had come to an end, and for that reason the plaintiff was entitled to an accounting, and to the payment of his share of the profits of the adventure. The case cannot be in any way construed to sustain the claim of the plaintiff here.

For these reasons, and without considering the other question passed upon by the referee, we are of the opinion that this case was properly decided, and that the judgment must be affirmed, with costs. All concur.