### LUNHAM v. HAFNER et al.

(Supreme Court, Appellate Division, Second Department. May 8, 1896.)

INSTRUCTIONS—ERRORS CURED BY OTHER PARTS.

It appeared on an issue as to whether a partnership existed between plaintiff and defendant that the parties had negotiated with the view of forming a partnership, and a written contract had been prepared by defendant, and submitted to plaintiff, but never signed by him, though he kept it. *Held*, that an instruction that if, when the contract was handed to plaintiff, it was understood that he had the option to sign it or not, then the retention of the contract did not bind him; that nothing but his actual consent, expressed by signing and delivering the contract, could bind him,—did not mislead the jury, where the court, in another part of the charge, told them that such proposition was true only in case it was the intent of the parties that no partnership could come into existence unless the paper was executed.

Appeal from circuit court, Queens county.

Action by George Lunham against Leopold Hafner and Frank C. Kohart to recover wages alleged to be due plaintiff from defendants. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, made on the minutes, defendants appeal. Affirmed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Roswell W. Keene, for appellants.
Abel E. Blackmar, for respondent.

BARTLETT, J. For several years prior to the 1st day of January, 1895, the defendants carried on the business of manufacturing jewelers in the city of New York, under the firm name of Hafner & Kohart, and the plaintiff was in their employ as a salesman. At that date there was due to him from the defendants, for unpaid salary and commissions, an amount which was agreed upon between them as being $1,550. This suit was brought in October, 1895, to recover that amount. The defense was that the plaintiff became a partner of the defendants in the jewelry business on or about the 1st day of January, 1895, for one year; that his contribution to the capital of the firm was the balance of $1,550, already mentioned; that the term of the co-partnership would not come to an end until the 1st day of January, 1896; and that, under the agreement between the parties, no portion of the $1,550 was payable to the plaintiff until the end of the year. These averments the plaintiff met by proof which must

have satisfied the jury that, although negotiations had been entered into for the admission of the plaintiff into the firm, those negotiations never resulted in the actual formation of a partnership of which the plaintiff became a member; and the plaintiff succeeded in obtaining a verdict for the full amount of his claim.

We cannot disturb this verdict upon the facts, for there is sufficient proof tending to sustain it. Numerous exceptions were taken to the rulings of the trial court upon questions of evidence. I have examined every one of these exceptions, and find none tenable. The evidence excluded or stricken out was objectionable, because it was immaterial, or hearsay, or irresponsive, or the opinion of one not an expert, or because it attempted to bind the plaintiff by statements not shown to have been made with his authority, or because it involved merely the conclusion of the witness, instead of a statement of the facts.

There are two exceptions to the judge's charge which require notice. A written contract of partnership was prepared by the defendants, and submitted to the plaintiff, but never signed by him, although he kept it. While the form of the proposed agreement indicated that it was prepared with the idea that it should be signed by the parties, the theory of the defendants on the trial appears to have been that this elaborate paper was intended merely to serve as a memorandum of the terms of the co-partnership, without being signed; and their counsel seems to have laid great stress upon the plaintiff's retention of the instrument as evidence that such was the fact. At the close of the charge, the counsel for the plaintiff requested the court to instruct the jury as follows:

"If, at the time the contract was handed by the defendants to the plaintiff, it was understood that the plaintiff had the option to sign it or not, then the retention of the contract by the plaintiff did not bind him. Nothing but his actual consent, expressed by signing and delivering the contract, can bind him."

To this request the trial judge responded, "I have substantially charged that;" and the defendant duly excepted. It is true that, taken by itself, the statement that nothing but the actual consent of the plaintiff, expressed by signing and delivering the proposed contract of partnership, could bind him, was not an accurate statement of the law applicable to the case; but a reference to what the court had said in the body of the charge, and to what was said after this request was passed upon, shows that the jury could not have been misled, and must clearly have understood that the proposition that the plaintiff could only be bound by signing and delivering the agreement of partnership was true only in case it was the intent of the parties that no partnership should come into existence unless the paper was executed. Thus, the court said:

"If the understanding was that no partnership should be created unless the terms thereof were reduced to writing and signed by the parties, it is of no consequence whether the plaintiff retained it or not, because it is conceded that he did not sign it. If, however, the writing was in the nature of a memorandum which was intended to crystallize and embody the verbal contract, then the fact that he retained it without returning it, and without any objection, is evidence that he was satisfied with the verbal contract."

The other exception is to that portion of the charge embodied in the fifth request of the plaintiff, which was in these words:

"If the talk between plaintiff and the defendants was intended by the parties to be simply negotiations which were to lead to a written agreement, then there is no partnership, and plaintiff cannot recover."

The "not" in the last clause of this instruction was probably a clerical error, for the proposition, in the form in which it appears in the record before us, was favorable, rather than unfavorable, to the appellants. If we assume, however, that what the court did say was that the plaintiff could recover if the talk between the parties was intended to be simply preliminary to a written agreement, the statement was correct, as matter of law, and furnishes no ground for a reversal of this judgment.

Judgment and order affirmed, with costs.    All concur.