In the Matter of the Estate of ISAAC E. HOAGLAND, Deceased.

HENRY P. ROBINSON, as Executor, etc., of ISAAC E. HOAGLAND, Deceased, Appellant; ELIZABETH M. HOAGLAND and ISAAC A. HOPPER and Another, as Executors, etc., of ISAAC E. HOAGLAND, Deceased, Respondents.

*Executors and administrators — order requiring one executor to deposit a fund — proof as to the existence of a partnership and as to the capacity in which assets are held.*

If an agreement for the formation of a partnership contemplates the execution of written articles, no partnership *inter sese* is to be inferred merely from the preliminary negotiations.

An executor who claims to hold moneys alleged to belong to the decedent, as the latter's surviving partner, must establish the partnership relation by clear and positive evidence.

A letter written by such executor to the attorney for himself and his co-executors, stating: "Mr. I. E. Hoagland's (the testator's) total assets on our books at his death was $10,847.68. Total bills which I have against his estate, as near as I can get at, is $1,409.13. This does not take into consideration *any part of his will nor executors' fees*," is an admission that he held the money as executor.

Circumstances warranting the surrogate in making an order under section 2602 of the Code of Civil Procedure, requiring the fund in question to be deposited subject to the joint order of the three executors, considered.

APPEAL by Henry P. Robinson, as executor, etc., of Isaac E. Hoagland, deceased, from an order of the Surrogate's Court of the county of Kings, made pursuant to section 2602 of the Code of Civil Procedure, and entered in said Surrogate's Court on the 10th day of April, 1900, requiring him to make a deposit with the Colonial Trust Company of moneys of the estate held by the appellant to the joint credit of the executors.

*Alex. Thain* [*Burton Thompson Beach* with him on the brief], for the appellant.

*J. Woolsey Shepard* [*Charles W. Dayton* with him on the brief], for the respondents.

JENKS, J. :

Robinson, an executor of Isaac E. Hoagland, appeals from an order of the surrogate of Kings county, made under section 2602 of the Code of Civil Procedure, after hearing all parties, that he deposit in the Colonial Trust Company $8,000, money of the estate of said Hoagland, to be subject to the joint order of the three executors. I think that the order of the learned surrogate was a fair exercise of his discretion, inasmuch as there was proof that all of the parties interested in the estate and two of the executors were of like mind, and that grave doubts were expressed as to the responsibility of the dissenting executor, who is neither a resident nor a householder in this State. (*Matter of Delaplaine*, 19 Abb. N. C. 413; *Matter of Eisner*, 6 App. Div. 563.) The appellant contends that the money in question is not "money or other property of the estate" within the purview of the section, in that he holds it either as a personal obligation due from him to the estate, or as a surviving partner of the deceased. Before the appellant has status as a surviving partner he must establish a partnership. (*Heye* v. *Tilford*, 2 App. Div. 346, 353; affd., 154 N. Y. 757.) The question of partnership is one of the intent of the respective parties (*Wilcox* v. *Williams*, 19 App. Div. 438), and to establish this relation as against the estate of the dead the evidence must be clear and positive. (*Kipper* v. *Sizer*, 2 N. Y. St. Repr. 386.) In his answering affidavit the appellant states : " Shortly before the death of said Isaac E. Hoagland an arrangement had been made between the deceased, Isaac A. Hopper, named in the petition herein,

and myself, for the formation of a copartnership under the said firm name of Hoagland and Robinson. The papers to complete said contract were not, however, formally executed, for the reason that Mr. Hoagland was ill at the time the negotiations were brought to a conclusion, and died before papers could be executed." Further, the petitioner, Elizabeth M. Hoagland, shows that her father, the testator, died about two weeks after the deposit with the appellant, and that he was too ill to transact any business whatever during the period intervening such deposit and his death. If the proposed partnership contemplated the execution of written articles thereof, no partnership *inter sese* is to be inferred merely from preliminary negotiations. (*Lunham* v. *Hafner*, 5 App. Div. 480 ; *Baldwin* v. *Burrows*, 47 N. Y. 199, 208 ; 1 Pars. Cont. *164, note ; Pars. Part. [4th ed.] 12.)

In my view it is not now necessary to determine whether the appellant held this money as an agent, whose authority terminated on the death of his principal, or as personal debtor, or in any other capacity. The appellant is an executor, and the whole personal estate vested in the executors immediately upon the death of the testator. (Redf. Surr. 410 ; *Rockwell* v. *Saunders*, 19 Barb. 473 ; *Valentine* v. *Jackson*, 9 Wend. 302 ; *Babcock* v. *Booth*, 2 Hill, 181 ; *Vroom* v. *Van Horne*, 10 Paige, 549 ; *Schultz* v. *Pulver*, 11 Wend. 363.) The coexecutor, French, deposes that the said appellant delivered to deponent a memorandum in the handwriting of appellant, and given at the request of deponent, showing the amount of cash on deposit with said Robinson belonging to the estate of said Isaac E. Hoagland, and a copy of said memorandum is annexed to the affidavit. Moreover, the letters testamentary were issued to the three executors on May 9, 1898, and it appears that on July 28, 1898, the appellant, in answer to a communication from the former attorney of Mr. Hoagland, the testator, who was then the attorney for the estate and for the executors, wrote :

"NEW YORK, *July 28th*, 1898.

" J. WOOLSEY SHEPARD, Esq., Dun Building:

" MY DEAR SIR.— Mr. I. E. Hoagland's total assets on our books at his death was $10,847.68. Total bills which I have against his estate, as near as I can get at is $1,409.13. This does not take into consideration *any part of his will nor executors' fees*, nor the

$250 given to Mrs. Fraser by the girls out of life insurance policy.
If this is not what you need, let me know."

Upon the case presented here were admissions that the appellant
held this money as executor. Authority for this conclusion is found
in *Hutchins* v. *Hutchins* (18 Misc. Rep. 633, 638); *Whiton* v. *Sny-
der* (88 N. Y. 299, 307); *Davis* v. *Gallagher* (124 id. 487, 492);
*Wright* v. *Wright* (72 id. 149); *White* v. *Swain* (3 Pick. 365);
*Wilson* v. *Wilson* (17 Ohio St. 150); *Miller* v. *Jones' Admr.*
(26 Ala. 247).

The order should be affirmed.

All concurred.

Order of the Surrogate's Court of the county of Kings affirmed,
with ten dollars costs and disbursements.

---

In the Matter of the Application of THEODORE B. GATES, an Attor-
ney and Counselor at Law, Respondent, to Enforce his Lien as
such Attorney and Counselor upon Certain Judgments Recovered
by him for the late Firm of WALTER T. KLOTS & BROTHER'S SONS,
against SAMUEL H. COOMBS, their Assignee, Appellant.

*Attorney's lien — it attaches to the proceeds of sale of a judgment — effect of a sale
subject to the lien.*

An attorney has a lien upon moneys realized by an assignee for the benefit of
creditors upon the sale of judgments recovered by such attorney for the
assignors.

Such moneys are "proceeds" of the judgments within the meaning of section
66 of the Code of Civil Procedure, which provides that an attorney's lien upon
a judgment recovered by him shall attach to "the proceeds thereof in whose-
soever hands they may come."

The fact that the assignee sold the judgments subject to the attorney's lien does
not relieve him from liability to account to the attorney for the proceeds of
the sale.

APPEAL by Samuel H. Coombs, as assignee of Walter T. Klots &
Brother's Sons, from an order of the Supreme Court, made at the
Kings County Special Term and entered in the office of the clerk of
the county of Kings on the 27th day of February, 1900, directing