## In re HOAGLAND'S ESTATE.

### ROBINSON v. HOAGLAND et al.

(Supreme Court, Appellate Division, Second Department. May 29, 1900.)

1. EXECUTORS AND ADMINISTRATORS—DEPOSIT OF FUNDS OF ESTATE—DISCRE-
TION OF SURROGATE.
Under Code Civ. Proc. § 2602, authorizing deposit of estate funds when co-executors disagree, where all the parties interested in the estate and two of the executors consent to the deposit, and there is doubt as to the responsibility of the dissenting executor, who is neither a resident nor householder of the state, an order directing such deposit was not an abuse of the surrogate's discretion.

2. SAME—PARTNERSHIP.
That a co-executor held funds of the testator under a proposed partnership agreement does not make him a surviving partner, as to such funds, where the proposed agreement was not completed at testator's death.

3. SAME.
In a proceeding for the deposit of funds of an estate as authorized by Code Civ. Proc. § 2602, where co-executors disagree, that the disagreeing executor gave his co-executor a memorandum of the amount belonging to the estate held by him as executor, and submitted a written statement as to the funds held by him to the attorney for the estate, is sufficient to show that he held such funds as executor.

Appeal from order of surrogate, Kings county.

Application by Elizabeth M. Hoagland to compel Henry P. Robinson and others, executors of the estate of Isaac E. Hoagland, deceased, to deposit the funds of the estate with the Colonial Trust Company. From an order requiring such deposit to the joint credit of the executors, Henry P. Robinson appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOOD-WARD, HIRSCHBERG, and JENKS, JJ.

Alex. Thain (Burton Thompson Beach, on the brief), for appellant.
J. Woolsey Shepard (Charles W. Dayton, on the brief), for respondents.

JENKS, J. Robinson, an executor of Hoagland, appeals from an order of the surrogate of Kings county, made under section 2602 of the Code of Civil Procedure, after hearing all parties, that he deposit in the Colonial Trust Company $8,000, money of the estate of said Hoagland, to be subject to the joint order of the three executors. I think that the order of the learned surrogate was a fair exercise of his discretion, inasmuch as there was proof that all of the parties interested in the estate and two of the executors were of like mind, and that grave doubts were expressed as to the responsibility of the dissenting executor, who is neither a resident nor a householder in this state. In re Delaplaine, 19 Abb. N. C. 413; In re Eisner's Estate, 6 App. Div. 563, 39 N. Y. Supp. 718. The appellant contends that the money in question is not "money or property of the estate," within the purview of the section, in that he holds it either as a personal obligation due from him to the estate, or as a surviving partner of the deceased. Before the appellant has status as a surviving partner, he must establish a partnership. Heye v. Tilford, 2 App. Div. 346, 353, 37 N. Y. Supp. 751, affirmed in 154 N. Y. 757, 49 N. E. 1098. The question of partnership is one of the intent of the respective parties. Wilcox v. Williams, 19 App. Div. 438, 46 N. Y. Supp. 593. And, to establish this relation as against the estate of the dead, the evidence must be clear and positive. Kipper v. Sizer, 2 N. Y. St. Rep. 386.

In his answering affidavit, the appellant states:

"Shortly before the death of said Isaac B. Hoagland an arrangement had been made between the deceased, Isaac A. Hopper, named in the petition herein, and myself, for the formation of a co-partnership under said firm name of Hoagland & Robinson. The papers to complete said contract were not, however, formally executed, for the reason that Mr. Hoagland was ill at the time the negotiations were brought to a conclusion, and died before papers could be executed."

Further, the petitioner shows that her father, the testator, died about two weeks after the deposit with the appellant, and that he was too ill to transact any business whatever during the period intervening such deposit and his death. If the proposed partnership contemplated the execution of written articles thereof, no partnership inter sese is to be inferred merely from preliminary negotiations. Lunham v. Hafner, 5 App. Div. 480, 38 N. Y. Supp. 1060; Baldwin v. Burrows, 47 N. Y. 199, 208; 1 Pars. Cont. 164, note; Pars. Partn. 12.

In my view, it is not now necessary to determine whether the appellant held this money as an agent, whose authority terminated on the death of his principal, or as personal debtor, or in any other capacity. The appellant is an executor, and the whole personal estate vested in the executors immediately upon the death of the

testator. Redf. Sur. Prac. 410; Rockwell v. Saunders, 19 Barb. 473; Valentine v. Jackson, 9 Wend. 302; Babcock v. Booth, 2 Hill, 181; Vroom v. Van Horne, 10 Paige, 549; Schultz v. Pulver, 11 Wend. 363. The co-executor French deposes that the said appellant delivered to deponent a memorandum in the handwriting of appellant, and given at the request of deponent, showing the amount of cash on deposit with said Robinson, belonging to the estate of said Isaac E. Hoagland, and a copy of said memorandum is annexed to the affidavit. Moreover, the letters testamentary were issued to the three executors on May 9, 1898, and it appears that on July 28, 1898, the appellant, in answer to a communication from the former attorney of Mr. Hoagland, the testator, who was then the attorney for the estate and for the executors, wrote:

"New York, July 28th, 1898.

"J. Woolsey Shepard, Esq., Dun Building—My Dear Sir: Mr. I. E. Hoagland's total assets on our books at his death was $10,847.68. Total bills which I have against his estate, as near as I can get at it, is $1,409.13. This does not take into consideration any part of his will, nor executors' fees, nor the $250 given to Mrs. Fraser by the girls out of life insurance policy. If this is not what you need, let me know."

Upon the case presented, here were admissions that the appellant held this money as executor. Authority for this conclusion is found in Hutchins v. Hutchins, 18 Misc. Rep. 633, 638, 42 N. Y. Supp. 601; Whiton v. Snyder, 88 N. Y. 299, 307; Davis v. Gallagher, 124 N. Y. 487, 492, 26 N. E. 1045; Wright v. Wright, 72 N. Y. 149; White v. Swain, 3 Pick. 365; Wilson v. Wilson, 17 Ohio St. 150; Miller v. Jones, 26 Ala. 247. The order should be affirmed.

Order of the surrogate's court of the county of Kings affirmed, with $10 costs and disbursements. All concur.